No. 694       July 22, 2026       663

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHEAL ALEXANDER MARLER,
*Defendant-Appellant.*

Yamhill County Circuit Court
24CR10516; A186045

Jennifer K. Chapman, Judge.

Submitted April 7, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Pursuant to a plea agreement, defendant pleaded guilty to two counts of attempted first-degree sodomy, ORS 163.405 (Counts 1 and 2), and one count of first-degree sexual abuse, ORS 163.427 (Count 5). At sentencing, the prosecutor described the sentence to which the parties had agreed, and the trial court imposed that sentence. Defendant appeals, arguing that the court erred in classifying the sexual-abuse offense differently than how the parties had actually agreed, without giving him an opportunity to withdraw his plea. For the reasons explained below, we affirm.

On March 6, 2024, defendant was indicted and arraigned on crimes against his stepdaughter. In October 2024, defendant reached a plea agreement with the state, which led to his pleading guilty to the three offenses previously described. His written plea petition included a section in which he acknowledged the "maximum possible statutory sentence(s)" for those offenses—a maximum 10-year prison sentence and $250,000 fine for each offense—and another section in which he acknowledged "the applicable presumptive guidelines classification(s) and the presumptive sentence(s)" for the offenses—which stated that first-degree sexual abuse was an 8-I with a presumptive sentence of 75 months in prison and 45 months of post-prison supervision (PPS), that the first count of attempted first-degree sodomy was a 9-D with a presumptive sentence of 51 to 55 months in prison and 65 months of PPS, and that the second count of attempted first-degree sodomy was a 9-B with a presumptive sentence of 61 to 65 months in prison and 55 months of PPS. The trial court accepted the plea.

At sentencing, both parties urged the court to sentence defendant in accordance with the plea agreement. The prosecutor described the agreement as follows: on Count 1, defendant would plead guilty to attempted first-degree sodomy, classified as 9-D on the grid block, and be sentenced to 51 months in prison; on Count 2, he would plead guilty to attempted first-degree sodomy, classified as 9-B on the grid block, and be sentenced to 61 months in prison; and on Count 5, he would plead guilty to first-degree sexual abuse, classified as 8-A on the grid block, and be sentenced to 75

months in prison, the mandatory minimum due to it being a Measure 11 offense. For his part, defendant asked the court to "adopt the stipulation of the parties." He did not describe the stipulation himself, except to note that the sentence on Count 5 needed to come first, nor did he object to or express any disagreement with what the prosecutor had said.

The trial court imposed the sentence described by the prosecutor. It noted orally that the parties were "stipulating to each of the grid blocks." In its written judgment, the court stated that the sentences on Counts 1 and 2 were "[s]tipulated by the parties"; it did not include that statement for Count 5, which, as previously mentioned, was a Measure 11 sentence.

Defendant appeals, raising two related claims of error for which he presents a combined argument. First, he contends that the trial court erred in accepting the state's "recommendation" at sentencing to classify Count 5 as an 8-A offense, when the parties had agreed to 8-I as described in the plea petition. Second, he argues that the trial court erred in not giving him the opportunity to withdraw his plea if it was not going to sentence him in accordance with the plea agreement. Because petitioner did not object at sentencing, he requests plain-error review.[1]

The state first responds that defendant's claims of error are unreviewable. Under ORS 138.105(9), we cannot review "any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant." "The hallmarks of a stipulated sentence are that it was imposed pursuant to an agreement, it is a specific sentence, and the trial court imposed that agreed-upon specific sentence." *State v. Licence*, 340 Or App 716, 718, 572 P3d 1100, *rev den*, 374 Or 421 (2025) (internal quotation marks

---

[1] "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to consider a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Whether an error is "plain" is an issue of law. *State v. Gornick*, 340 Or 160, 167, 130 P3d 780 (2006). It is a matter of our discretion whether to correct a plain error that was not harmless. *State v. Ortiz*, 372 Or 658, 672, 554 P3d 796 (2024).

omitted). It is undisputed that defendant stipulated to a 187-month prison sentence, consisting of 75 months on Count 5, a consecutive 51 months on Count 1, and a consecutive 61 months on Count 2. Defendant contends that he did not stipulate to one part of the sentence imposed though—the 8-A grid block classification on Count 5—and the state does not meaningfully respond to that argument. Under the circumstances, and because defendant is challenging only the 8-A grid-block classification on Count 5, we are unpersuaded that the claim of error is unreviewable.

Turning to the merits, we reject the first assignment of error because we agree with the state that any error is not plain. Although defendant's plea petition was obviously a byproduct of the plea agreement, it is not itself the plea agreement, nor does it purport to describe the terms of the plea agreement. The only statements in the plea petition regarding sentencing are defendant's acknowledgements of the maximum possible *statutory* sentences and the *presumptive* guideline classifications and sentences for the three offenses to which he was pleading guilty. Defendant relies entirely on the terms of the plea agreement to claim error, and, at a minimum, the record allows competing inferences as to what agreement, if any, the parties had regarding the grid block classification for Count 5. Any error in classifying Count 5 as an 8-A offense, rather than an 8-I offense, therefore is not plain. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (one requirement for an error to be "plain" is that the error is apparent on the record without our having to choose among competing inferences).

As for the second assignment of error, defendant contends that, if the trial court was not going to impose all of the terms of the sentence agreed by the parties, it had to offer him the opportunity to withdraw his plea. Defendant relies on *State v. Thomas*, 281 Or App 685, 694, 386 P3d 218 (2016), in which we explained that the state's breach of a plea agreement entitles the defendant to either "disaffirm the agreement by seeking to withdraw his plea" or "affirm the agreement by seeking specific enforcement," and *State v. Craig*, 337 Or App 38, 563 P3d 389 (2024), in which we construed the phrase "allow the defendant an opportunity

to withdraw the plea" in ORS 135.390(5)(b). Defendant asks that we vacate and remand with instructions that defendant be allowed the opportunity to withdraw his plea or seek specific performance.

The trial court did not plainly err by not offering defendant an opportunity to withdraw his plea based on Count 5 being classified as an 8-A offense instead of an 8-I offense. First, as already discussed, it is not clear from the record that the state violated the plea agreement by describing it as an 8-A offense. The court did not plainly err by not providing a remedy for a violation that itself is not plain. Second, regarding *Thomas*, defendant did not assert a breach of the plea agreement or ask to withdraw his plea, and it is not obvious that the trial court had an obligation under *Thomas* to offer a remedy in that circumstance. *See Vanornum*, 354 Or at 629 (one requirement for an error to be "plain" is that the legal point is obvious and not reasonably in dispute). Third, regarding *Craig*, it is not obvious that ORS 135.390(5) even applies to defendant's plea agreement.

"The statutory scheme governing plea agreements contemplates different kinds of agreements." *State v. Heisser*, 350 Or 12, 22, 249 P3d 113 (2011). As relevant here, ORS 135.405(1) generally authorizes district attorneys to negotiate plea agreements, and ORS 135.405(3)(a) allows them to agree to make or not oppose favorable sentencing recommendations as part of a plea agreement. Meanwhile, ORS 135.405(5)(a) addresses a particular type of plea deal— it authorizes district attorneys to "provide a plea offer and agreed disposition recommendation to the defendant at the time of arraignment or first appearance of the defendant for a crime in open court under an early disposition program established under ORS 135.941." A "plea offer and agreed disposition recommendation made under [ORS 135.405(5)(a)]" expires upon the completion of the arraignment, unless extended by the court, with good cause required to extend it more than seven days for a misdemeanor or 21 days for a felony. ORS 135.405(5)(b).

Defendant relies on ORS 135.390(5) to argue that he should have been given the opportunity to withdraw his plea if the plea agreement was not going to be enforced.

That statutory provision applies, however, only when "the district attorney has provided a plea offer and agreed disposition recommendation to the defendant as provided in ORS 135.405":

> "(a)   If the district attorney has provided *a plea offer and agreed disposition recommendation to the defendant as provided in ORS 135.405* and the defendant is entering a guilty plea based on *the plea offer and agreed disposition recommendation*, the court shall determine whether the plea is voluntarily made. Except as otherwise provided in paragraph (b) of this subsection, if the court finds that the plea is voluntarily made, the court shall impose sentence as provided in the *agreed disposition recommendation*.
>
> "(b)   If the court determines that the *agreed disposition recommendation* is inappropriate in a particular case, the court shall so advise the parties and allow the defendant an opportunity to withdraw the plea."

ORS 135.390(5) (emphases added).

        Defendant assumes that ORS 135.390(5) is referring to *any* plea agreement, or at least any plea agreement addressing sentencing, when it refers to "a plea offer and agreed disposition recommendation to the defendant as provided in ORS 135.405." That is, at best, a questionable assumption. In fact, ORS 135.390(5) seems to be referring to ORS 135.405(5). ORS 135.405(5) uses those exact words—"a plea offer and agreed disposition recommendation"—which appear nowhere else in ORS 135.405. And ORS 135.405(5) makes clear that it is referring only to the type of early plea deal that may occur at or shortly after arraignment "under an early disposition program established under ORS 135.941." Such a plea deal may be made only to a limited class of offenders at a specific point in time. *See* ORS 135.405(5) (timing); ORS 135.941 (qualifying offenders). Notably, subsections (5) of ORS 135.390 and ORS 135.405 were enacted at the same time as part of the same bill that enacted ORS 135.941, which provides for the creation of "early disposition programs." Or Laws 2001, ch 635, §§ 6-8, 10, 11. That strongly suggests that ORS 135.390(5) is cross-referencing ORS 135.405(5).

        Here, defendant pleaded guilty seven months after arraignment, so it could not possibly have been pursuant to

"a plea offer and agreed disposition recommendation" under ORS 135.405(5). It would seem to follow that ORS 135.390(5) did not apply. But we need not conclusively resolve that question. At a minimum, it certainly is not obvious that ORS 135.390(5) applied, so the trial court cannot have committed plain error in failing to follow the procedure in ORS 135.390(5).

Finally, lest it be the source of any confusion, we note that defendant's reliance on *Craig* is misplaced. *Craig* involved a dispute over the correct construction of ORS 135.390(5)(b), specifically whether it requires a sentencing court to affirmatively offer the defendant an opportunity to withdraw the plea (as the defendant argued) or only requires the court to allow withdrawal in the event the defendant raises the issue and asks to withdraw the plea (as the state argued). 337 Or App at 44. We held that it was the former. *Id*. at 46. In doing so, we did not address *when* ORS 135.390(5) applies, because the parties agreed that it applied to the plea agreement in that case, disputing only what it means for a court to "allow the defendant an opportunity to withdraw the plea" under ORS 135.390(5)(b). *See Craig*, 337 Or App at 43 (framing the issue on appeal). *Craig* should not be read to take any position on what qualifies as a "plea offer and agreed disposition recommendation" for purposes of ORS 135.390(5). *See also State v. Fowler,* 350 Or App 512, 514 n 2, ___ P3d ___ (2026) ("Given our disposition, we need not address the state's alternative argument that ORS 135.390(5) does not apply because that statutory provision applies only to the type of plea agreements addressed in ORS 135.405(5). We express no opinion on that issue.").

Affirmed.